**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| REV-A-SHELF COMPANY, LLC, <br><br> Plaintiff, <br><br> v. <br><br> J & K CABINETRY INC., <br><br> J & K CABINETRY LLC, AND <br><br> J & K 3 CABINETRY LTD, <br><br> Defendants. | Civil Action No.: 1:18-cv-5910 <br><br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Rev-A-Shelf Company, LLC ("Rev-A-Shelf"), brings this complaint for patent infringement against J & K Cabinetry Inc., J & K Cabinetry LLC, and J & K 3 Cabinetry Ltd. collectively referred to herein as "Defendants."  As its complaint against Defendants, Rev-A-Shelf states and alleges as follows:

## THE PARTIES

1.      Rev-A-Shelf is a limited liability company organized and existing under the laws of the State of Kentucky, with its principal office located at 2410 Plantside Drive, Jeffersontown, Kentucky 40299.

2.      On information and belief, Defendant J & K Cabinetry Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 1665 Busse Road, Elk Grove Village, Illinois 60007.  On information and belief, Defendant J & K Cabinetry LLC is located at 750 Summa Ave, Westbury, NY 11590.

1

On information and belief, Defendant J & K Cabinetry LLC is located at 111 Mount Holly
Bypass, Lumberton, New Jersey 08048.  On information and belief, Defendant J & K 3
Cabinetry Ltd. is a corporation organized and existing under the laws of the State of New
Jersey, with its principal place of business located at 10 East Park Drive, Westampton, New
Jersey 08060-5122.  On information and belief, Defendant J & K Cabinetry Inc. and
Defendant J & K Cabinetry LLC are subsidiaries of, and are owned and operated by,
Defendant J & K 3 Cabinetry, Ltd, or are related companies owned by J & K 3 Cabinetry,
Ltd.

## JURISDICTION AND VENUE

3.     This is an action for patent infringement arising under Title 35 of the United
States Code, and in particular 35 U.S.C. §§ 271, 282, 283, 284, and 285.

4.     This Court has subject matter jurisdiction over this action pursuant to 28
U.S.C. §§ 1331 and 1338(a).

5.     This Court has personal jurisdiction over Defendants because, on information
and belief, Defendant J & K Cabinetry Inc. is organized and existing under the laws of the
State of Illinois, is headquartered and has a principal place of business in this District,
Defendant J & K Cabinetry Inc. is owned and operated by Defendant J & K 3 Cabinetry Ltd.,
and Defendant J & K Cabinetry Inc. has solicited and transacted business in this District,
including at least a portion of the infringement alleged herein occurred in this District.

6.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (d) and
1400(b) because Defendant J & K Cabinetry Inc. is organized and existing under the laws of
the State of Illinois, is headquartered and has a principal place of business in this District, is

2

subject to personal jurisdiction in this District, Defendant J & K Cabinetry Inc. is owned and operated by Defendant J & K 3 Cabinetry Ltd., and a substantial part of the events giving rise to the claims herein occurred in this District. Specifically, on information and belief, Defendants have committed acts giving rise to this action in this District, including the manufacture, use, sale, offer for sale and/or importation into the United States of the infringing products at issue in this action.

## FACTUAL BACKGROUND

7.     Rev-A-Shelf is the market leading innovator of quality, functional residential cabinet storage and organizational products. Rev-A-Shelf products include kitchen, bath, closet, and childproof cabinet products, such as cabinet and pantry pull-outs, lazy susans, kitchen drawer organizers, functional waste containers, LED lighting systems, and childproof locking systems. Rev-A-Shelf was established in 1984 and includes two manufacturing facilities in Kentucky. Rev-A-Shelf is continually investing in research and development to improve its technology for its customers. Rev-A-Shelf also invests in protecting the intellectual property it develops.

8.     Rev-A-Shelf is the owner of many issued patents and pending patent applications in the United States and abroad relating to cabinet storage and organizational products, including U.S. Patent No. 6,390,576 ("the '576 patent"). Rev-A-Shelf is the assignee of the '576 patent, and is the owner of all right, title, and interest in the '576 patent, including the right to sue and recover damages for infringement of the '576 patent, by virtue of the assignments recorded at Reel/Frame Numbers 011312/0650 and 023895/0664 with the U.S. Patent and Trademark Office. The '576 patent was legally issued on May 21, 2002, and

is entitled "Front Face Mounting Apparatus and Process."  A true and correct copy of the

'576 patent is attached as Exhibit A to the Complaint (D.I. 1-1).

9.      Rev-A-Shelf marks its products, either physically or virtually, that practice one

or more claims of the '576 patent.  Rev-A-Shelf's RVDM bracket product (part number RV-

Bracket) practices one or more claims of the '576 patent and has been physically marked

with the '576 patent number since at least January 1, 2017.  An annotated picture of the

RVDM bracket with the '576 patent number highlighted is attached as Exhibit B to the

Complaint (D.I. 1-2).

10.     On information and belief, Defendants are in the business of manufacturing,

importing, marketing, and selling cabinetry, such as kitchen and bathroom cabinetry, in the

United States.

11.     On information and belief, Defendants purchased products from Rev-A-Shelf,

including the RVDM bracket marked with the '576 patent number.  On information and

belief, Defendants began selling products covered by the '576 patent, without permission

from Rev-A-Shelf, after Defendants stopped purchasing the RVDM bracket from Rev-A-

Shelf and when Defendants began purchasing similar products from an unknown supplier.

## COUNT 1: PATENT INFRINGEMENT

12.     Rev-A-Shelf incorporates by reference each of the preceding allegations of

paragraphs 1-11 above as though stated herein.

13.     Defendants have directly infringed the '576 patent in violation of at least 35

U.S.C. § 271(a) by, through itself and/or through its agents, unlawfully and wrongfully

making, importing, using, offering to sell, and/or selling products covered by one or more

4

claims of the '576 patent within the United States without permission or license from Rev-A-Shelf, and will continue to do so unless enjoined by this Court.

14. Defendants' products that directly infringe the '576 patent include ("Accused Products"), but are not limited to, the kitchen cabinet trash bin products shown in the photographs set forth below.





15.     The Accused Products infringe the '576 patent literally and/or under the doctrine of equivalents.

16.     The Accused Products infringe claims 1-25 of the '576 patent.

17.     Solely by way of example, as shown in the annotated photographs of paragraphs 18 through 20 below, the Defendants' accused kitchen cabinet trash bin product meets every limitation recited in claim 1 of the '576 patent.

18.     Defendants' kitchen cabinet trash bin product includes a drawer face panel having a rear surface including a center and outer lateral extremities, a drawer slide, and apparatus for adjustably mounting the drawer face panel to the drawer slide.



19.     Defendants' kitchen cabinet trash bin product includes a stand having a plurality of holes; and an angled bracket having a first leg, a second leg, a plurality of holes and a plurality of slots in the first leg, and a plurality of openings in the second leg in general alignment with at least some of the plurality of holes in the stand.



8

20.    Defendants' kitchen cabinet trash bin product includes a first attachment means engaging at least one of the plurality of openings in the second leg of the angled bracket and at least one of the plurality of holes in the stand for adjustable attaching the angled bracket to the stand; and a second attachment means engaging at least one of the plurality of holes in the stand and the drawer slide for adjustably attaching the stand to the drawer slide.



first attachment means engaging at least one of the plurality of openings in the second leg of the angled bracket and at least one of the plurality of holes in the stand for adjustable attaching the angled bracket to the stand

second attachment means engaging at least one of the plurality of holes in the stand and the drawer slide for adjustably attaching the stand to the drawer slide

21.     Solely by way of example, as shown in the annotated photographs of paragraphs 22 through 23 below, the Defendants' accused kitchen cabinet trash bin product meets every limitation recited in claim 21 of the '576 patent.

22.     Defendants' kitchen cabinet trash bin product includes a cabinet including an enclosure and a drawer system for use in the enclosure, the drawer system having a face panel and a drawer slide.



23.     Defendants' kitchen cabinet trash bin product includes an L-shaped stand having a plurality of holes, the L-shaped stand being fixed to the drawer slide; and an angled bracket having a first leg fixed to the drawer face panel and a second leg having a plurality of openings in general alignment with at least some of the plurality of holes in the stand, including a first slot having a width greater than that of the hole in the stand in general alignment therewith, and further including a second slot, the second leg of the angled bracket being affixed to the L-shaped stand.



11

24. Paragraphs 17 through 23 demonstrate infringement of the '576 patent by Defendants.

25. On information and belief, Defendants have known about the '576 patent due to Defendants' purchase of products being marked with the '576 patent number from Rev-A-Shelf.

26. Defendants continued infringement of the '576 patent after having knowledge of the '576 patent, and at least after service of the Complaint (D.I. 1), is intentional, deliberate, and knowing.

27. Defendants' infringement of the '576 patent has been, and remains, willful and deliberate, as Defendants have committed, and continue to commit, the acts alleged with previous notice and knowledge of the '576 patent.

28. Unless enjoined, Defendants' acts will continue to cause Rev-A-Shelf irreparable harm, loss, and injury.

## PRAYER FOR RELIEF

WHEREFORE, Rev-A-Shelf prays that:

A. Defendants be adjudged by this Court to have infringed U.S. Patent No. 6,390,576;

B. U.S. Patent No. 6,390,576 be adjudged by this Court to be enforceable and not invalid;

C. Defendants be ordered by this Court to provide the name and contact information of the supplier of Defendants' products that infringe U.S. Patent No. 6,390,576;

D.     Defendants be ordered by this Court to account for and pay Rev-A-Shelf damages adequate to compensate Rev-A-Shelf for the infringement of U.S. Patent No. 6,390,576, including interest, under 35 U.S.C. § 284, and that such damages be trebled because of the willful and deliberate character of the infringement;

E.     A permanent injunction be issued preventing further infringement of U.S. Patent No. 6,390,576 by Defendants, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it;

F.     This case be deemed exceptional and Rev-A-Shelf be awarded interests, costs, expenses and reasonable attorney's fees for this suit as provided by 35 U.S.C. § 285; and,

G.     Rev-A-Shelf be awarded such other relief as this Court may deem just and proper.

H.     Defendants be ordered by this Court to remove all products that infringe U.S. Patent No. 6,390,576 from all of Defendants' public displays no later than one week after a judgement against Defendants.

I.     <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Rev-A-Shelf demands a trial by a jury in this action on all issues triable by jury.

Dated:  August 28, 2018            Respectfully submitted,

**Rev-A-Shelf Company, LLC**

By:     <u>/s/ James M. Oehler</u>
        One of its Attorneys

Robert S. Mallin (6205051)
rmallin@brinksgilson.com
James M. Oehler (6301897)
joehler@brinksgilson.com
**BRINKS GILSON & LIONE**
NBC Tower, Suite 3600
455 North Cityfront Plaza Drive
Chicago, Illinois 60611
Tel: (312) 321-4200